FILED
SUPERIOR COURT
OF GUAM

2019 APR 18 PM 12: 28

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0163-19 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | DECISION AND ORDER DENYING |
| JERILYN CABRERA TAISACAN, | ) | DEFENDANT'S MOTION AND |
| DOB: 11/17/1973, | ) | APPLICATION FOR BAIL |
| | ) | REDETERMINATION |
| | ) | |
| DEFENDANT. | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on April 9, 2019 for a hearing on Defendant Jerilyn Cabrera Taisacan's ("Defendant") Motion and Application for Bail Redetermination under 8 GCA § 40.50 for Release on Personal Recognizance ("Motion for Release"). Defendant was present and represented by Defense Attorney Zachary Taimanglo of the Public Defender Service Corporation. Assistant Attorney General Thomas Neuman represented the People of Guam (the "People"). Having reviewed the record and relevant law, the Court ruled from the bench **DENYING** Defendant's Motion for Release. The Court now issues this written Decision and Order memorializing its ruling in compliance with 8 GCA § 40.50(a).

## Background

The Indictment alleges the following offenses: THEFT (as a 2nd Degree Felony); FORGERY (as a 3rd Degree Felony); and THEFT (as a Misdemeanor). Indictment (Mar. 29, 2019). The alleged victim reported that in July to August 2018, he hired the Defendant as his caretaker following his release from the hospital. For several weeks the alleged victim was

bedridden. Upon the alleged victim's recovery, he noticed that several items were missing from his home, including his passport, medical documents, and tools (allegedly valued at $2,000). The Defendant is also alleged to have cashed a check valued at $450 under the victim's name. At the time this alleged offense occurred, an active bench warrant was issued for the Defendant in CF0362-15.

Defendant is confined pending the posting of Five Thousand Dollars ($5,000) cash bail. Commitment Order (Mar. 19, 2019). On March 28, 2019 Defendant filed the instant Motion for Release. The People did not file an opposition to the instant motion, but orally expressed their opposition at the motion hearing.

## Discussion

Guam law provides "[t]he judge shall order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, *that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.*" 8 GCA § 40.15(b) (emphasis added). The factors are:

> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
> (2) the history and characteristics of the person charged, including:
>> (i) length of his/her residence on Guam
>> (ii) his/her employment status and history, and financial condition;
>> (iii) his/her family ties and relationships;
>> (iv) his/her reputation, character and mental and physical condition;
>> (v) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
>> (vi) his/her history relating to drug or alcohol abuse;
>> (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;
>> (viii) whether, at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
>> (ix) his/her history of compliance with other Court orders;
> (3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual members thereof if released.

*Id.* § 40.15(c).

If a Court finds that a release on his own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 GCA § 40.20. These conditions include:

(a) Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;
(b) Placement of restrictions on the activities, movements, associations and residence of the person;
(c) Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;
(d) Release of the person during working hours, but with the condition that he/she return to custody at specified times; or
(e) Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

*Id.* § 40.20. Under this section, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and safety of any other person and the community.

Based on the available information, the Court concludes Defendant's release on personal recognizance may endanger the safety of the victims and/or the community. The Court further finds that Defendant's release on personal recognizance will not reasonably assure the Defendant's appearance as required and/or her compliance with the Court's subsequent orders.

The government further posits that the least onerous condition in this case is to require third party custodians to supervise the Defendant. The government argues the Defendant's non-compliance in CF0362-15 is indicative of her inability to abide by the conditions imposed by this Court and danger to the community. The Court agrees. At the time this alleged offense occurred, the Defendant was on probation for CF0362-15. Not only was an active bench warrant issued during this time, the Defendant was also on her 12th violation in CF0362-15. Included in these violations are Defendant's failure to report to probation as required and/or failure to submit to drug testing as required.

Therefore, based on the Defendant's non-compliance with her pre-trial release conditions and probation, the Court finds Defendant's release on her own recognizance would not assure her appearance (as required) and that such release would present a danger to the community. Under 8 GCA § 40.20, the Court finds the least onerous condition in this case is the execution of a bond in the amount specified by the Magistrate Judge or placement of the person in the custody of a designated person. The Court also recognizes that there is nothing to suggest the circumstances at this hearing vary from the time the Magistrate Judge considered setting Defendant's bail at $5,000.

## Conclusion

For the reasons set forth above, the Court DENIED Defendant's Motion and Application for Bail Redetermination for Release on Personal Recognizance.

**SO ORDERED** this _____ APR 1 8 2019 _____, *nunc pro tunc* to April 9, 2019.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
DPdS 2PDSC
Date: 4\18\19 Time: 12:30
Deputy Clerk, Superior Court of Guam